UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LORETTA ANDERSON, INDIVIDUALLY,
and on behalf of ALBERT ANDERSON ESTATE                    PLAINTIFF

VS.                              CIVIL ACTION NO. 3:24-cv-804-TSL-RPM

HINDS COUNTY, HINDS COUNTY CORONER,
SHARON GRISHAM STEWART, HINDS COUNTY
BOARD OF SUPERVISORS, current and at
the time of death, THE CITY OF JACKSON,
JACKSON POLICE DEPARTMENT, JOHN DOE,
JOHN DOE COMPANY, JANE DOE                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff Loretta Anderson, individually and on behalf of the Estate of Albert Anderson, commenced this action in state court on December 3, 2024 against Hinds County, Mississippi, Hinds County Coroner Sharon Grisham Stewart, Hinds County Board of Supervisors (County defendants) and the City of Jackson and Jackson Police Department (City defendants).  In the complaint, plaintiff alleged violations of federal and state laws based on defendants' alleged six-month delay in notifying Albert Anderson's next-of-kin of his death[1] and their failure during that six-month period to properly preserve the body, resulting in its decay and decomposition to such an extent that by the time the family was notified of the death, Mr. Anderson's body was so "horrific(ally) and extremely swollen and dismembered"

---

[1]   Plaintiff alleges she is Albert Anderson's sister.

1

that the family had to have him cremated rather than burying him, as they would have desired.

Defendants removed the case to this court on December 17, 2024, based on federal question jurisdiction under 28 U.S.C. § 1331, as plaintiff's complaint includes allegations that defendants' alleged actions violated the due process and equal protection guarantees of the Fourteenth Amendment of the United States Constitution. Contemporaneously with the notice of removal, the County defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Plaintiff promptly moved to remand on December 20, arguing that while she has asserted federal claims for relief, the federal claims are not the primary focus of the complaint; instead, "the crux of this case" is the state law claims relating to mishandling of the corpse. She submits that since a state court would have concurrent jurisdiction over both the state and federal claims, the case should be remanded.[2] Plaintiff is incorrect.

---

[2]    Inexplicably, no defendant responded to the motion to remand. As provided by Rule 7(b)(3) of the Uniform Local Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, "Within the time allowed for response, the opposing party must either respond to the motion or notify the court of its intent not to respond."

2

Generally, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "Since a defendant may remove a case only if the claim could have been brought in federal court, ... the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986). Under the well-pleaded complaint rule, the plaintiff is "master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar Inc., 482 U.S. at 392. Thus, even if both federal and state law provide a remedy to the plaintiff, she can avoid federal jurisdiction by pleading only state law claims and thereby avoid removal. But, if even one of her claims arises under federal law, removal is proper. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13, 103 S. Ct. 284, 177 L. Ed. 2d 420 (1983) ("Appellant's complaint sets forth two 'causes of action' ⋯ [and] if either comes within the original jurisdiction of the federal courts, removal was proper as to the whole case.").

Plaintiff could have chosen to forego any federal claims and asserted only state law claims. She didn't. Rather, as is apparent from the face of the complaint, in addition to her state law claims, she intentionally pled claims undeniably arising under federal law. Plaintiff does not dispute this. On the contrary, not only does she acknowledge that she has pled claims arising under federal law, she maintains that these are viable federal causes of action. Her sole argument in support of remanding the case is that since the "crux" or "gist" of the complaint is her state law claims for negligence and gross negligence in the mishandling of Mr. Alexander's corpse, and for intentional infliction of emotional distress relating to such mishandling, and further, since the state court would have concurrent jurisdiction over her federal claims, then the case should be remanded.³ The case, however, was clearly removable based on her federal claims, notwithstanding concurrent jurisdiction. See Mercado v. Pyramid Consulting, Inc., No. 3:13-CV-608-L, 2013 WL 2367770, at *1 (N.D. Tex. May 30, 2013) ("That concurrent jurisdiction exists between federal and state courts to hear [federal claims] in no way precludes a defendant from removing such an action from state court to federal

---

³ The court will accept for present purposes that plaintiff's intention may have been to make her state law claims the focus of the complaint. It is notable, however, that the federal claims are given equal attention in the complaint.

4

court.") (citing 28 U.S.C. § 1441(a))).  Moreover, the court has "no authority remand claims that conferred removal jurisdiction."  Poche v. Texas Air Corps, Inc., 549 F.3d 999, 1005 (5th Cir. 2008) (citing Laurents v. Arcadian Corp., No. 94-41183, 1995 WL 625394, 69 F.3d 535 (5th Cir. Oct. 4, 1995)).  Therefore, plaintiff's motion to remand will be denied.

In addition to the motion to remand, there are currently pending a motion by the County defendants to dismiss, filed December 17, 2024, and a motion to dismiss and stay filed by the City defendants.  Plaintiff did not respond to the County defendants' motion, presumably because she was under the impression that pending a ruling on the remand motion, all proceedings in the case had been stayed by the magistrate judge's order entered on December 23, 2024.  She did file a response to the City defendants' motion to dismiss and stay, but the focus was on the part of the motion requesting a stay, which she argued was moot in light of the magistrate judge's order staying further proceedings.

The intent of the magistrate judge's December 23rd order, entered in accordance with Rule 16(b)(1)(B) of the Local Uniform Civil Rules for the Northern and Southern Districts of Mississippi, was to stay only "the attorney conference and disclosure requirements and all discovery not relevant to the remand ... issue" and "the parties' obligation to make

5

disclosures pending the court's ruling on the motion." However, plaintiff arguably could have misinterpreted the order as staying all proceedings, including her response to the pending motions. Therefore, the court will grant plaintiff a fourteen-day extension of time from entry of this order to respond to the pending motions to dismiss.

Based on the foregoing, it is ordered that plaintiff's motion to remand is denied. It is further ordered that plaintiff shall have fourteen days from entry of this order to file responses to the pending motions to dismiss.

SO ORDERED this 23rd day of January, 2025.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE